

U.S. Department of Justice

United States Attorney
District of Minnesota

*600 United States Courthouse*  Telephone: *(612) 664-5600*
*300 South Fourth Street*  Fax: *(612) 664-5787*
*Minneapolis, MN  55415*
*www.usdoj.gov/usao/mn*

January 16, 2025

Ms. Maureen W. Gornik, Acting Clerk of Court
U.S. Court of Appeals for the Eighth Circuit
Thomas F. Eagleton Court House, Room 24.329
111 S. 10th Street
St. Louis, MO 63102

> *Rule 28(j) Letter*
> *United States v. Samson Diamonte Xavior-Smith*
> *Appeal No. 22-3085*

Dear Ms. Gornik:

I am writing about a pertinent decision issued the same day the government's briefing was submitted in this matter.

In *United States v. Campbell*, the defendant pleaded guilty to felon-in-possession and was sentenced pursuant to the ACCA. 122 F.4th 624, 627-28 (6th Cir. 2024). The district court resolved, pre-*Erlinger*, whether his ACCA predicates were committed on different occasions. *Id.*

*Erlinger*, requiring jury determination of the different-occasions question, was decided while Campbell's appeal was pending. Campbell argued that *Erlinger* error is not subject to harmless error analysis and, if it was, the government had not demonstrated harmlessness. He asserted that *Shepard* documents could not be used to review harmlessness. He also argued that different-occasions acquittals in other cases demonstrated that he could have been acquitted, too. *Id.* at 629-33.

The Sixth Circuit concluded that *Erlinger* error, like *Apprendi* and *Alleyne* error, is subject to harmlessness review. It cited this Court's *Stowell* decision, and other circuits' precedent, in support. *Id.* at 630-31.

The court determined that the *Erlinger* error was harmless as to Campbell. The court emphasized that "[m]onths separate each of [Campbell's predicates]—far more than the 'day' of separation the Supreme Court used as a benchmark in *Wooden*." The predicates were committed in "geographically distinct locations" and were "wholly distinct crimes." The error was accordingly harmless. *Id.* at 631-32.

The court observed that "*Erlinger* did not preclude the use of *Shepard* documents in reviewing error for harmlessness." *Id.* It noted that harmless-error review includes "an assessment of all relevant and reliable information in the entire record." It highlighted that "information contained in a pre-sentence report" may, for example, be considered. *Id.* at 632-33 (cleaned up).

Finally, the court rejected reliance on different-occasions acquittals in other cases. "[T]his argument, like [Campbell's] broadside attack on *Shepard* documents, is simply another form of the argument that [*Erlinger* error] is not subject to harmless-error analysis." The court emphasized that the appropriate focus is the defendant's particular case, not a theoretical possibility of acquittal. *Id.*

The government submits *Campbell* is persuasive authority on the same arguments raised by Smith, here.

Thank you for your consideration.

Respectfully submitted,

LISA D. KIRKPATRICK
Acting United States Attorney

*/s/ David M. Genrich*
By: DAVID M. GENRICH
Assistant U.S. Attorney

# CERTIFICATE OF COMPLIANCE AND SERVICE

I hereby certify that the body of this letter is 350 words and thus complies with the word limitation set forth in Fed. R. App. P. 28(j).

I hereby certify on January 16, 2025, the government electronically filed this 28(j) letter with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case that are registered CM/ECF users will be served by the CM/ECF system.

*/s/ David M. Genrich*
By: DAVID M. GENRICH
Assistant U.S. Attorney